**Dated: June 18, 2020**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:
**BOBBY GENE HENDRIX** and
**TERRI LEE HENDRIX**,

Case No. 19-81141-TRC
Chapter 7

       Debtors.

**GERALD R. MILLER, TRUSTEE,**

       Plaintiff

v.

Adv. No. 20-8005-TRC

**BOBBY GENE HENDRIX** and
**TERRI LEE HENDRIX**,

       Defendants.

**ORDER DENYING MOTION TO VACATE**
**ORDER OF DEFAULT JUDGMENT**

    Before the Court is Defendants' Bobby Gene Hendrix and Terri Lee Hendrix' Motion to

Vacate Default Judgment (Docket Entry 13) and Objection filed by Plaintiff Gerald R. Miller,

Trustee (Docket Entry 18). The Court held a hearing on this matter on June 10, 2020. Having

Case 20-08005   Doc 21   Filed 06/18/20   Entered 06/18/20 08:17:51   Desc Main
Document   Page 1 of 6

heard the arguments of counsel and reviewed the file in this case, the Court believes that Defendants' have failed to sustain their burden and their Motion must be denied.

**Jurisdiction**

The Court has jurisdiction herein pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(J).

**Background**

Debtors' filed a Chapter 7 bankruptcy on October 3, 2019. Among other items, they listed the following assets in their bankruptcy schedules: a 1/5 interest in real property in Sequoyah County, Oklahoma, valued at $12,000; and a mineral interest in Payne County, Oklahoma, valued at $200.

The Trustee, Plaintiff Gerald R. Miller, requested additional information from the Debtors and their counsel regarding these two assets at their 341 meeting held November 4, 2019. Based upon the emails submitted by the Trustee, Debtors' counsel submitted documents to the Trustee on or about October 23, 2019. After reviewing those documents, the Trustee's office had questions and requested additional information from the Debtors via email to their counsel on October 24, November 6 and December 12, 2019. No response was provided. The Trustee also mailed letters to Debtors and Debtors' counsel on December 12, 2019 requesting the information by December 31, 2019 since the discharge date was January 3, 2020. No response was provided. On January 2, 2020, the Trustee filed a Motion to Compel Debtors to provide the requested information[1], and a Motion to Extend Time to Object to Discharge.[2] Both motions were mailed to the Debtors and served electronically on their counsel. No response to either

---

[1] Case No. 19-81141, Docket Entry 9.
[2] Case No. 19-81141, Docket Entry 11.

motion was received by the Trustee or filed. On January 17, 2020, this Court entered an Order directing Debtors to provide the requested information within ten days.[3] It also extended the deadline for objecting to discharge until March 3, 2020.[4]

When Debtors again failed to respond or comply with this Court's Order, the Trustee filed this adversary case seeking to deny Debtors' discharge pursuant to § 727(a)(4)(D) for knowingly withholding from the Trustee records relating to their property or financial affairs, and § 727(a)(6)(A) for failure to obey a lawful order of this Court compelling them to provide the requested information. The adversary complaint and summons were served by First Class Mail on Debtors and on their counsel.[5] No answer was filed within the time required so the Trustee filed a Motion for Default Judgment and served it by First Class Mail on Debtors and their counsel.[6] Debtors' counsel was also given notice electronically. No response was filed; therefore, on April 21, 2020, this Court entered its Order granting the Trustee's Motion for Default Judgment and denied Debtors' discharge.[7] Ten days later, on May 1, 2020, Debtors filed their Motion to Vacate the Default Judgment.

**Analysis**

Fed. R. Civ. P. 60(b), made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024, provides that a court may set aside a judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[3] Case No. 19-81141, Docket Entry 14.
[4] Case No. 19-81141, Docket Entry 16.
[5] Docket Entries 5 and 6.
[6] Docket Entry 8.
[7] Docket Entry 11.

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Relief under Rule 60(b) is extraordinary and should only be granted in exceptional circumstances,[8] and "when such action is necessary to accomplish justice."[9] As the defaulting party, the Debtors have the burden of establishing that the default judgment should be set aside due to one of the listed reasons.[10] And, they must show: (1) their own culpable conduct did not cause the default; (2) they have a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.[11]

The Debtors do not mention Rule 60(b) nor cite to any specific authority in support of their Motion to Vacate. However, Debtors appear to rely on reason (1) mistake and excusable neglect, and (6) a catchall for any other reason. They state that their age and poor health rendered them unable to "appreciate the significance and severity of the Trustee's litigation," suggesting that their failure to respond to the Trustee was a mistake or excusable neglect. They also argue that denying discharge when the assets in question are of nominal value is not in the best interests of justice, thus justifying vacating the judgment and allowing them to mount a defense to the Trustee's action.

This Court prefers that controversies be resolved by a trial on the merits and desires that litigants have the opportunity to appear and be heard. It liberally considers motions to set aside default judgments to ensure that litigants have their day in court. However, where a party shows

---

[8] *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted).
[9] *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir. 1993) (citation omitted).
[10] *Malloy v Wallace (In re Wallace*), 99 Fed. Appx. 870 (10th Cir. 2004).
[11] *United States v. Timbers Preserve,* 999 F.2d 452 (10th Cir. 1993) *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996).

a disregard for the judicial process the Court is reluctant to set aside a default judgment. The Debtors' argument that they simply did not understand they were required to respond is not credible. They received written letters and an Order from this Court directing them to answer. Relief based upon mistake or excusable neglect pursuant to Rule 60(b)(1) is not available for a party who simply misunderstands the legal consequences of his deliberate acts.[12]

The Debtors do not deny that they and their counsel received many requests from the Trustee. They do not argue that they were under some legitimate belief that they were not required to respond, or that they had no way of protecting themselves from a default judgment.[13] Their reasons for failing to respond existed throughout their bankruptcy and adversary cases. They could have responded to one of the many requests, answered the Trustee's questions, and avoided this result. They did not do so. They received a written warning from the Trustee that their failure to respond to his requests could result in a denial of their discharge. They did not respond to an Order of this Court directing them to respond. They had experienced bankruptcy counsel to advise them. The Debtors were given two additional opportunities to obtain their discharge when they were served the Complaint and Motion for Default Judgment in this adversary case. Again, they ignored the judicial process and failed to respond. Their appeal to the best interest of justice ignores their own culpable conduct. Ignoring the valid requests for information from the Trustee and this Court is not in the interest of justice for the Trustee and the creditors of their bankruptcy estate.

The Debtors cannot meet their burden to vacate the default judgment. Their predicament is due to their own culpable conduct in ignoring ten different requests and opportunities to offer

---

[12] *See Otoe County Nat'l Bank v. W & P Trucking Inc.*, 754 F.2d 881, 883–84 (10th Cir.1985).
[13] *See Cashner,* 98 F.3d at 577.

an answer and explanation to the Trustee regarding reasonable and predictable questions about assets of their bankruptcy estate. They offer no meritorious defense. Advanced age and ill health may be justification for slow response but not for no response. Many debtors in this Court suffer from the same limitations. The Trustee has alleged that he and their creditors suffered from the Debtors' refusal to answer questions regarding their mineral interests since the potential recovery for creditors was significantly diminished by the passage of time due to the collapse of oil prices.

For all of these reasons, the Debtors' Motion to Vacate must be denied.

**Order of the Court**

IT IS THEREFORE ORDERED that the Defendants' Bobby Gene Hendrix and Terri Lee Hendrix' Motion to Vacate Default Judgment (Docket Entry 13) is **denied.**

###